A. L. WEINER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 13048, 14672. Promulgated March 6, 1928.

*Sidney G. Roos, Esq.,* for the petitioner.
*J. E. Marshall, Esq.,* for the respondent.

TRAMMELL: This is a proceeding for the redetermination of deficiencies in income tax for the calendar years 1921 and 1922 in the amounts of $317 and $144, respectively. The two proceedings were consolidated for the purpose of hearing and decision.

The deficiencies arise from the action of the respondent in disallowing certain deductions claimed by the petitioner and alleged to have been incurred and paid during the respective years.

### FINDINGS OF FACT.

During 1921 and 1922 the petitioner was employed as a traveling salesman by the Crescent City Cork Works, located at New Orleans, La., which was the place of residence of the petitioner. He was employed on a commission basis. The company allowed him a drawing account of $150 per week, which amount was guaranteed to him at any event. He also received commissions of 8 or 8½ per cent on all sales made by him, provided the commission exceeded the $150. If his sales amounted to less than $150 per week, he still received that amount but no more.

During the taxable years involved the commissions did not amount to $150 per week. The drawing account which was guaranteed to him was all that he received. Out of this he paid his expenses which were necessarily incurred in traveling.

The petitioner was away from his home traveling during 1921 the entire year except about 30 days. During 1922 he was away from his home approximately nine months traveling in connection with his business.

The petitioner's territory over which he was required to travel was from New Orleans as far north as Minneapolis, St. Paul and Duluth. He went east as far as Buffalo and west as far as Omaha, Neb. In selling corks it was necessary for the petitioner to do some entertaining of prospective customers.

The expenses incurred by the petitioner through the years involved were for railroad tickets, hotel bills and other expenses, such as automobile hire and the entertainment of buyers.

The actual expenses incurred and paid during 1921 by the petitioner for the above purposes were at least $2,200, and for 1922 at least $1,800.

> *Judgment will be entered on 15 days' notice, under Rule 50.*